THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| OSCAR JONES,<br><br>             Plaintiff,<br><br>v.<br><br>CITY/MUNICIPALITY OF COTTONWOOD HEIGHTS, UTAH; COTTONWOOD HEIGHTS POLICE DEPARTMENT; OFFICER ZEPHANI HUANG; OFFICER KYLE MAHONEY; SERGEANT GARY YOUNG; OFFICER JEFF GAINEY; POLICE CHIEF ERNEST ROBERT/ROBBY RUSSO; and CITY MANAGER TIM TINGEY,<br><br>             Defendants. | MEMORANDUM DECISION GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:22-cv-00302-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the Court on a Motion to Dismiss by Defendants Zephani Huang, Kyle Mahoney, Gary Young, Jeff Gainey, Ernest Robert Russo, Tim Tingey, and Cottonwood Heights (collectively, "Defendants").  For the reasons discussed below, the Court will grant Defendants' Motion on Plaintiff's third cause of action.

## I.      BACKGROUND[1]

On May 5, 2021, officers Zephani Huang and Kyle Mahoney with the Cottonwood Heights Police Department ("CHPD") responded to a call alleging Plaintiff Oscar Jones was at a private residence in Salt Lake City without permission.[2] Officers conducted a voluntary

---

[1] Unless otherwise noted, the facts in this Order are taken from Plaintiff's Complaint and are presumed true for the purposes of this Order.

[2] Docket No. 6 ¶ 11.

interview with Jones, during which he showed the officers his rental agreement granting him permission to occupy the residence.[3] Plaintiff alleges Officer Mahoney "verbally represented that he was satisfied that plaintiff had not committed any crime."[4] After interviewing another tenant of the property, officers then asked Jones to produce identification ("ID"), which Jones declined to do.[5] Jones alleges that "[s]everal witnesses, including the owner of the property, had confirmed [his] name and date of birth to Officer Huang and Officer Mahoney" prior to their request for ID.[6] He claims that Officer Mahoney then initiated a search in the "Records Management System Query," entering Jones's full name and date of birth, which Jones had verbally provided.[7] The search returned a picture of Jones's California-issued driver's license, which Jones alleges can be seen on Officer Mahoney's body camera footage from the encounter.[8] Jones again declined to produce ID, whereupon the officers informed Jones that "a supervisor was on his way."[9] Sergeant Young arrived at the scene approximately 12 minutes later and conferred with Officer Huang for several minutes.[10] Plaintiff alleges that Officer Huang told Sergeant Young that Jones was "refusing to give his social, his phone number, his birthday, and [] his address," and they discussed whether Jones could be arrested for "disorderly, or failure to identify."[11] When Officer Huang and Sergeant Young finished conferring, Officer Huang arrested

---

[3] *Id.* ¶¶ 12–13.

[4] *Id.*

[5] *Id.* ¶¶ 14–15.

[6] *Id.* ¶ 19.

[7] *Id.* ¶¶ 20–22.

[8] *Id.* ¶ 23.

[9] *Id.* ¶ 26.

[10] *Id.* ¶¶ 26–27, 46–48.

[11] *Id.* ¶ 48.

Jones for Failure to Disclose Identity[12] and Disorderly Conduct After Request to Stop.[13] After his arrest, Jones was transferred to the Salt Lake County Jail for booking, where he was held in custody until he was released the following morning.[14]

Plaintiff filed his Amended Complaint on June 14, 2022, alleging three claims, including violations of the Plaintiff's constitutional rights under 42 U.S.C. § 1983;[15] violations under Article I, Section 14 of the Utah Constitution;[16] and several violations of Plaintiff's rights under Utah common law, including false arrest, false imprisonment, malicious prosecution, intentional trespass, abuse of process, interference with contract rights, and infliction of mental anguish.[17]

Defendants move to dismiss Plaintiff's third cause of action for alleged violations of his rights under Utah law.[18]

## II.   DISCUSSION

### A.  STANDARDS OF REVIEW

#### i.   PRO SE FILINGS

This court is instructed to construe a pro se litigant's pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers."[19] However, a liberal reading of a Plaintiff's complaint "does not relieve the Plaintiff of the burden of alleging

---

[12] Utah Code Ann. § 76-8-301.5.

[13] *Id.* § 76-9-102; Docket No. 6 ¶¶ 46–48, 50.

[14] Docket No. 6 ¶ 51.

[15] *Id.* ¶ 83.

[16] *Id.* ¶ 84.

[17] *Id.* ¶ 85.

[18] Docket No. 11.

[19] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

3

sufficient facts on which a recognized legal claim [can] be based."[20] Thus, it is not the proper function of a court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf,"[21] and the court may not assume "the role of advocate for Plaintiff or any other pro se litigant."[22]

### ii.   MOTION TO DISMISS STANDARD

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) can take one of two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," or (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[23] The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.[24] Defendants argue that this Court lacks subject matter jurisdiction[25] because the Plaintiff did not adhere to the notice requirements of the Governmental Immunity Act of Utah ("GIAU").[26] Therefore, Defendants' Motion is a facial

---

[20] *Id.* (quoting *Hall*, 935 F.2d at 1110).

[21] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

[22] *Hall*, 935 F.2d at 1110.

[23] *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005).

[24] *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

[25] It is unclear whether the GIAU can control subject matter jurisdiction for federal courts but the distinction is unimportant in this case, because Rules 12(b)(1) and 12(b)(6) apply the same standard in this context and result in the same outcome. *Cf. GeoMetWatch Corp. v. Hall*, Case No. 1:14-cv-00060-JNP-PMW, 2019 WL 430886, at *6 (D. Utah Feb. 4, 2019) (citing *Webb v. Tom Brown, Inc.*, 807 F.2d 783, 784–85 (9th Cir. 1987)) (explaining that the jurisdiction of federal courts is governed by the Constitution and Congress, and "[a]t most, a state statute can bar a federal court from granting relief to the plaintiff"); *Wallace v. Grey*, Case No. 2:08-CV-311-TS, 2009 WL 249461, at *3 (D. Utah Feb. 2, 2009) ("Failure to comply with the requirements of GIAU deprives this Court of subject matter jurisdiction.").

[26] Docket No. 11, at 2–3; *See* Utah Code Ann. §§ 63G-7-101 to 904.

attack. With facial attacks, the Court applies "the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action."[27]

When considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true and viewed in a light most favorable to the non-moving party.[28] To withstand dismissal, a plaintiff must plead both a viable legal theory and provide "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[29] Plaintiff's reliance upon "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not suffice."[30] Further, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[31]

## B.  GOVERNMENTAL IMMUNITY ACT OF UTAH

Plaintiff's third cause of action alleges violations of his rights under Utah law, including false arrest, false imprisonment, malicious prosecution, intentional trespass, abuse of process, interference with contractual rights, and infliction of mental anguish.[32] These state-law claims against Defendants are subject to the GIAU, because each Defendant is either a governmental entity or an employee of a governmental entity.[33]

---

[27] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[28] *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[29] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[30] *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[32] Docket No. 6 ¶ 85.

[33] *See* Utah Code Ann. § 63G-7-101(2)(b) (The GIAU "governs all claims against governmental entities or against their employees or agents arising out of the performance of the

The GIAU "is a prerequisite to vesting a [state] district court with subject matter jurisdiction over claims against governmental entities"[34] and bars federal courts from granting relief on state-law causes of action unless Plaintiff satisfies the GIAU's provisions.[35] It also grants the state and its political subdivisions "broad, background immunity" from injuries resulting from the exercise of a government function.[36]

The GIAU requires "[a]ny person having a claim against a governmental entity, or against the governmental entity's employee for an act or omission occurring during the performance of the employee's duties . . . [to] file a written notice of claim with the entity *before* maintaining an action."[37]

In addition to filing a timely notice of claim with the appropriate state entity, the GIAU also requires a claimant to wait "60 days after the claimant's notice of claim is filed" before pursuing "an action in the district court against the governmental entity or an employee of the entity."[38] Failure to adhere to this notice requirement "deprive[s] the state of the opportunity to assess [] allegations and to decide, as required by the statute, whether to approve or deny the

---

employee's duties, within the scope of employment, or under color of authority."); Docket No. 6 ¶¶ 3–10.

[34] *Wheeler v. McPherson*, 2002 UT 16, ¶ 9, 40 P.3d 632.

[35] *GeoMetWatch Corp.*, 2019 WL 430886, at *6 (citing *Webb*, 807 F.2d at 784–85).

[36] *Wheeler*, 2002 UT 16, ¶¶ 9–10 (internal citations omitted); Utah Code Ann. § 63G-7-201(1) ("[E]ach governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function.").

[37] Utah Code Ann. § 63G-7-401(2) (emphasis added).

[38] *Id.* § 403(2); *see also Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶¶ 21–26, 24 P.3d 958 (holding that plaintiffs with claims against the state may institute an action in the district court only after their notice of claim is denied).

claim."[39] This court must "den[y] recourse to parties that have even slightly diverged from the exactness required by the [GIAU]."[40]

Plaintiff filed his original Complaint on May 3, 2022[41] and his Amended Complaint on June 14, 2022.[42] Plaintiff did not file his notice of claim until August 29, 2022, which was well after the date he filed his Amended Complaint with this Court and four days after Defendants filed their Motion.[43] Plaintiff must adhere to the requirements of the GIAU and is barred from asserting his state-law claims against Defendants until the "state has had the opportunity to consider the claim . . . ."[44] Plaintiff must wait to pursue his state-law claims against Defendants until at least 60 days after he filed his notice of claim or his notice of claim has been denied.[45] Plaintiff's third cause of action must therefore be dismissed without prejudice.

### III.   ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 11) is GRANTED as set forth above.

IT IS FURTHER ORDERED that Defendants must answer or otherwise respond to the surviving causes of action in Plaintiffs' Amended Complaint within 14 days.

---

[39] *Hall*, 2001 UT 34, ¶ 26.

[40] *Pead v. Ephraim City*, 2020 UT App 113, ¶ 13, 473 P.3d 175 (quoting *Wheeler*, 2002 UT 16, ¶ 12).

[41] Docket No. 1.

[42] Docket No. 6.

[43] Docket No. 16, at 3.

[44] *Hall*, 2001 UT 34, ¶¶ 22–23.

[45] Utah Code Ann. § 63G-7-403(2).

Dated October 17, 2022.

BY THE COURT

_____
Ted Stewart
United States District Judge